DECISION AND ORDER
PER CURIAM.
This is the third time that the Appellate Court has heard an appeal in this case involving a wrongful termination claim brought by a former employee of the former Victories Casino (“Tribal Casino”, “Casino”) who was terminated for conduct which he eventually asserted was protected by the Tribe’s Whistle Blower Protection Statute. In the first appeal decided March 27, 2007, the Appellate Court upheld the Tribal Court’s dismissal of the case against the Casino based on its sovereign immunity as a subordinate entity of the Tribe. The Appellate Court also declined to address the merits of the claims against the individual Defendants Espino-sa and Eckholm because it found that they had not properly been joined as co-defendants. The Appellate Court indicated that Espinosa and Eckholm could be subject to suit under Article XVIII, Section B of the Constitution, and it remanded the case, stating that Appellant Carey would have “fourteen days from entry of this Decision to file a complaint.” In the second appeal decided May 5, 2008, the Appellate Court upheld the Tribal Court’s dismissal of the second complaint filed against the Tribal Casino and a new complaint filed against Defendant Susan Keller. In this second opinion, the Appellate Court also reversed the dismissal of the case with regard to Espinosa and Eckholm, stating that “it would be unfair to uphold the dismissal of Carey’s suit against Espinosa and Eck-holm for failure to file an original certificate of service with the Tribal Court where the record indicates that they received actual notice of the suit against them.” Following the second appeal, Appellant Carey filed a Second Amended Complaint naming only Espinosa and Eckholm as defendants. In this third appeal, Appellant Carey now seeks reversal of a decision of the Tribal Court issued on June 28, 2008 in which the Tribal Court Judge declined to disqualify herself and reversal of a separate decision of the Tribal Court issued on October 9, 2008 that dismissed Appellant Carey’s claims against Defendants Espinosa and Eckholm. For the reasons discussed be *270 low, the Appellate Court affirms the decisions of the Tribal Court.

Background

The background of this case is summarized in the Appellate Court’s first two decisions in this case issued on March 27, 2007 and May 5, 2008 (Carey I and Carey II). This third appeal concerns the Appellant’s attempt to challenge the Tribal Court’s dismissal of the Second Amended Complaint filed against the individual Defendants Espinosa and Eckholm. This appeal also includes the Appellant’s challenge of the Tribal Court Judge’s decision declining to disqualify herself from the case.

Analysis

The Appellate Court first considers Appellant Carey’s appeal of the Tribal Court’s rejection of Appellant’s motion to disqualify Judge Kronk. Ordinarily, a tribal court judge will continue to preside over a case, including after the case is appealed and remanded back to the Tribal Court. This ensures continuity for the case and protects against the inefficient use of court resources. Disqualification is only appropriate in cases where the judge’s impartiality might reasonably be questioned. In this case, the Appellant’s motion failed to comply with the time limits and submission requirements explicitly set out in LTBBCRP Rule XXXI, Section 2. That section requires that a party request substitution of a judge by “filing a written affidavit of prejudice giving sufficient reasonable grounds why the judge assigned should not hear the case.” In this case, no such written affidavit was submitted by the Appellant. Furthermore, Rule XXXI, Section 2 requires that “[a]ll requests for disqualification of a judge shall be made within seven (7) days after the initial appearance or joinder date.” Here, where the case was remanded from the Appellate Court back to the Tribal Court, the relevant starting point for identifying the deadline for a motion for disqualification is May 5, 2008, the date of the Appellate Court’s order in Carey II. The Appellant’s motion for disqualification was submitted on May 16, 2008, four days after the seven day deadline had passed. Here, the Appellant’s failure to comply with the LTBB Court Rule for disqualification of a judge represents a complete failure to comply with the court’s filing deadline and procedural requirements, in contrast to the less significant failure to file a proof of service that the Appellate Court held was insufficient grounds for dismissal of the Appellant’s claim in Carey II. In addition to these considerations, the Appellate Court also finds that the Appellant’s appeal on the disqualification issue is also untimely. Rule 7.401(A) of the Appellate Rules require that appellants file their appeals within twenty-eight (28) days of the contested order. In this case, the appeal was brought 120 days after the Tribal Court’s order on the disqualification motion. For these reasons, the Appellate Court affirms the Tribal Court’s ruling declining the motion to disqualify Judge Kronk.
The Appellate Court also considers the issue of whether the Tribal Court erred in holding that Article XVIII of the LTBB Constitution bars this action against Appellees Espinosa and Eckholm, who were general manager and marketing director of the Tribal Casino. The Appellate Court concludes that the Tribal Court did not commit an error when it concluded that the Appellees were acting within the scope of their authority and therefore shielded irom suit. Furthermore, the Appellate Court concludes that the Tribal Court did not err in holding that the Appellant failed to state a claim under the Whistle Blower Protection Statute because *271 of its finding that the alleged activity could not reasonably be construed as violating any applicable law or regulation.
The Appellate Court agrees with the Tribal Court that the Defendants Espi-nosa and Eckholm were employees of the Tribe protected by sovereign immunity under Article XVIII, Section A of the LTBB Constitution. Section A provides that “employees of the Tribe acting within the scope of their duties or authority shall be immune from suit.” The Appellate Court also agrees that the Defendants, as upper management employees of the casino with the authority to hire and fire, were acting within the scope of their employment when they fired the Appellant. As such, the Defendants are immune from suit under Article XVIII, Section A. In its consideration of whether an employee’s conduct is within the scope of its duties or authority, the Appellate Court adopts an approach which looks to whether or not the type of action is within the employee’s scope of duties or authority, not the alleged circumstances of a particular action. In this case, since termination of employment is clearly a type of action within the scope of the Defendants’ authority, the Appellate Court concludes that the Defendants’ immunity from suit under Article XVIII, Section A applies.
The Appellate Court also agrees with the Tribal Court that the Appellant failed to state a prima facie case under the Whistle Blower Protection Statute (WBPS). The WBPS states:
No employee shall be terminated, demoted, penalized or disciplined in any way as a direct result of the employee’s reporting of activity, over which the employee has actual knowledge and which the employee reasonably believes to be in violation of any applicable law, to a supervisor, tribal law enforcement official, or the Tribal Council.
WOTC § 6.1103(A) [compare, WBPS 14.401 of the Tribal Code 2010].
Thus, the Appellate Court agrees that a WBPS ease must include 1) actual knowledge of the activity being reported; and 2) the employee must possess a reasonable belief that the activity violates an applicable law. The phrase “and which the employee reasonably believes to be in violation of any applicable law” requires that not only must the employee possess a belief that he is reporting illegal activity, but the belief must be objectively reasonable. The Appellate Court concludes that even if the Appellant possessed a belief that he was reporting illegal activity, his belief was not objectively reasonable. In this case, the Appellant believed that the Casino’s use of the players’ club tracking and rewards system was excessive to the point of being illegal. However, the Appellate Court notes that virtually every Indian and non-Indian casino in the United States utilizes a similar form of rewards system, and it does not believe that the Appellant’s belief is reasonable when it presumes that a rewards program that awards points in excess of a predetermined target automatically transforms the rewards program from legal to illegal. Player tracking and reward systems are allowed by LTBB and federal regulations, neither of which set specific limits on point reward levels. Appellant cites to no law that would render any particular level of point reward to be illegal. He only states that the alleged failure to recoup $250,000 worth of “undeserved points” amounts to a violation of the net revenue expenditure provisions of the Tribe’s gaming regulations. Because the Appellant could not have possessed a reasonable belief that the activity he reported was illegal, he cannot sustain an action under the WBPS.

Conclusion

In conclusion, we affirm the Tribal Court’s conclusions that a) the Appellant’s *272 claim is barred by the sovereign immunity provision of the LTBB Constitution Article XVIII, Section A, and b) the Appellant failed to make a prima facie WBPS claim. The Appellate Court finds that these issues are dispositive of the remaining issues presented in the Appellant’s appeal, including the issue of failure to exhaust administrative remedies and the issue of whether the Appellant would be entitled to reinstatement plus backpay, frontpay, attorney fees, costs, compensatory damages and punitive damages if the suit were allowed to proceed.
The Tribal Court’s Order dated October 9, 2008 granting the Defendants’ motion to dismiss and dismissing the case with prejudice is hereby AFFIRMED.
DECIDED AND APPROVED BY A UNANIMOUS APPELLATE COURT.